IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **IVAN CAM**,<br><br>                Petitioner,<br><br>        v.<br><br>**SUSAN WASHBURN**, Superintendent, Eastern Oregon Correctional Institution,<br><br>                Respondent. | Case No. 6:22-cv-00450-HL<br><br>**ORDER ADOPTING F&R** |

Nell Brown, Federal Public Defender's Office, 101 SW Main Street, Suite 1700, Portland, OR 97204; and Kurt David Hermansen, Federal Public Defender's Office, 859 Willamette Street, Suite 200, Eugene, OR 97401. Attorneys for Petitioner.

Daniel T. Toulson, Oregon Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorney for Respondent.

**IMMERGUT, District Judge.**

On October 15, 2024, Magistrate Judge Andrew Hallman issued his Findings and Recommendation ("F&R"), ECF 55, recommending that this Court dismiss Petitioner Ivan Cam's Petition for Writ of Habeas Corpus, ECF 2. Petitioner filed Objections, ECF 62, Respondent filed a Response, ECF 63, and Petitioner filed a Reply, ECF 64. This Court has

PAGE 1 – ORDER ADOPTING F&R

reviewed de novo the portions of the F&R to which Petitioner objected. For the following reasons, the Court adopts Judge Hallman's F&R.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Petitioner does not object to the F&R's recommendation that this Court deny relief on Grounds One through Six, Eight, and Nine of the Petition. *See* F&R, ECF 55 at 10–11; Objections, ECF 62 at 1–9. Petitioner solely objects to the recommended denial of Ground Seven. Objections, ECF 62 at 1–9.

Petitioner interpreted Ground Seven to include ineffective assistance of trial counsel claims. F&R, ECF 55 at 13. Judge Hallman concluded that, as pled, it is a claim of ineffective assistance of appellate counsel, and thus Petitioner's "unpled ineffective assistance of trial counsel claims are not properly before the Court for its consideration." F&R, ECF 55 at 12–13 (first citing Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254; then citing *Greene v. Henry*, 302 F.3d 1067, 1070 n. 3 (9th Cir. 2002)). Petitioner does not object to this finding. *See* Objections, ECF 62 at 1–9. Because these claims were not clearly raised in his

PAGE 2 – ORDER ADOPTING F&R

Petition and fail to comply with Rule 2(c) of the Rules Governing Section 2254 Cases, relief based on these claims is not warranted.

This Court has reviewed de novo the portions of Judge Hallman's F&R, ECF 55, to which Petitioner objected. The F&R is adopted in full. Petitioner's Petition for Writ of Habeas Corpus, ECF 2, is DENIED. This proceeding is DISMISSED with prejudice. A Certificate of Appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 18th day of February, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge